# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## E̶M̶E̶R̶G̶E̶N̶C̶Y̶ APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

AYFER YALINCAK, Petitioner,
Full Name and Prisoner Number
Inmate No. A 73-393-720
Donald W. Wyatt Detention Facility
Complete Prison Address (Place of Confinement)

950 High St.

Central Falls, RI 02863

Case No. **308CV01193 JBA**
(To be supplied by the Court)

*U.S. DISTRICT COURT NEW HAVEN, CT 2008 AUG -6 A 11: [?] FILED*

v.

(1) Bureau of Immigration And Customs Enforcement;
_____, Respondent,
(Name of Warden, Superintendent or authorized person having custody of petitioner)
(Do not use *et al.*)

(2) Department of Homeland Security, and Department of Homeland Security; (3) Michael Chertoff, Secretary of (4) Thomas Hogan, Secretary of BICE;
_____, Additional Respondent.
(List additional persons having custody of petitioner, if any)

(5) District Directfor for BICE, Hartford, Connecticut; (6) And

Michael B. Mukasey, Attorney General of U.S. Dep't of Justice,

Respondents.

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack  Executive Office of Immigration Review, Board of Immigration Appeals. IJ Michael Straus, Hartford, Connecticut.

2) Date judgment of conviction was entered  January 16, 2008 Order of Removal

3) Case number  A 73-393-720

4) Type and length of sentence imposed  January 16, 2008 Order of Removal

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion? Yes ___ No _X_

6) Nature of the offense involved (all counts)  None

7) What was your plea? (check one)
Not Guilty ___ Guilty ___ Nolo Contendere ___ Not Applicable

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

This habeas arises from the Respondent's continued detention of the Petitioner under INA §236(c), 8 U.S.C. §1226(c), despite a Stay being issued via a stipulation in the Second Circuit Court of Appeals.

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement  Not applicable in this case, see question 8 above.

10) Kind of trial (check one)  Jury ___ Judge only _x_

11) Did you testify at trial? Yes _X_ No ___

## DIRECT APPEAL

12) Did you appeal from the judgment of conviction?   Yes _X_ No ___

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order): _____

The Petitioner appealed IJ Straus, Hartford, Connecticut January 16, 2008 decision to the BIA. The BIA, through Frederick Hess, affirmed the IJ on May 22, 2008.

14) If you did not appeal, explain briefly why you did not: __Not applicable__

a) Did you seek permission to file a late appeal? Yes __ No __ Not applicable

## POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?    Yes _X_ No __

16) If your answer to 15 was "Yes," give the following information:

   a) FIRST petition, application or motion.

   1. Name of court __The U.S. Second Circuit Court of Appeals__

   2. Nature of proceeding __Petition for Review 8 U.S.C. §1252__
   Yallincak v. Mukasey, 08-3014-AG. Filed on June 18, 2008.

   3. Claims raised __The Petition Is Pending.__

   4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __ The Petition Is Pending.

   5. Result __Respondents, by and through their counsel in the Court of Appeals, agreed to a stay of removal.__
   6. Date of result __July, 2008.__
   The Petition for Review is pending.

   7. Did you appeal the result to the federal appellate court having jurisdiction? Yes _NA_ No _NA_ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of

the court's decision (or attach a copy of the court's opinion or order)

<u>The Petitioner's Petition for Review has not been</u>

<u>decided and continues to be pending. The Petitioner</u>

<u>in this Habeas is not challenging the IJ/BIA's Order</u> of Removal

8. If you did not appeal, briefly explain why you did not _____

<u>Not Applicable, see above.</u>

b) As to any SECOND petition, application or motion, give the following information:

1. Name of court <u>Not applicable</u>

2. Nature of proceeding <u>Not applicable</u>

3. Claims raised <u>Not applicable</u>

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___ Not applicable

5. Result <u>Not applicable</u>

6. Date of result <u>Not applicable</u>

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes <u>NA</u> No <u>NA</u> If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

<u>Not applicable</u>

8. If you did not appeal, briefly explain why you did not _____

<u>Not applicable</u>

c) As to any THIRD petition, application or motion, give the following information:

4

1. Name of court __Not applicable__

2. Nature of proceeding __Not applicable__

3. Claims raised __Not applicable__

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __ Not applicable

5. Result __Not applicable__

6. Date of result __Not applicable__

7. Did you appeal the result to the federal appellate court having jurisdiction? Yes _NA_ No _NA_ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

__Not applicable__

8. If you did not appeal, briefly explain why you did not ___

__Not applicable__

# CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**Claim One**: Substantive Due Process Violation As A Result Of Continued Detention Under 8 U.S.C. §1226(c). The Petitioner Is Not Challenging Her Order of Removal In this Petition, Only Her Continued Detention, Without An Individualized Bond Determination.

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts supporting this claim)

***Please See Attached***

(2) Did you seek administrative relief as to claim one? Yes ___ No _X_. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: My Family And I Were Told By ICE That I Am Not Eligible For Bail Under Operation of 8 U.S.C. §1226(c). The IJ, I was told, does not even have authority to consider bail in mandatory detention cases. Also, the Petitioner is rasing Constitutional issues, which the BIA cannot address. **See Attached**

**Claim Two**: Procedural Due Process Violation As A Result Of Failure To Provide Petitioner With An Individualized Determination Of Her Risk of Flight And/or Danger To The Community.

6

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

***Please See Attached

(2) Did you seek administrative relief as to claim one? Yes ___ No X__. If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

Please See Claim One, Question 2.

**Claim Three**: Violation of Her Rights Under Equal Protection Clause where similarly situated aliens, have been treated differently.

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

***Please See Attached

(2) Did you seek administrative relief as to claim one? Yes ___ No _X_ . If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief: _____

Please See Claim One, Question 2.

18) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack?
Yes _X_ No ___. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding: The Second Circuit Court of Appeals, Petition for Review, Case No. 08-3014-AG. This appeal only concerns the Order of Removal. Whereas, this Habeas only concerns continued detention since a stay has been put in place.

19) State briefly why you believe that the remedy provided by 28 U.S.C. § 2255 (Motion to Vacate Sentence) is inadequate or ineffective to test the legality of your detention: The Petitioner cannot raise a challenge to her continued detention under §1226(c) through a §2255 Motion.

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

X _A. Yalincak_
**Petitioner's Original Signature**

_____
Signature of Attorney (if any)

Edwin T. Gania, Esq.
Mark Jacob Thomas & Associates
11 South La Salle St.
Suite 2800
Chicago, IL 60603
Attorney's Full Address and Telephone Number
(312) 236-3163 Tel.
edgania@cs.com
Pro Hac Vice Admission To be Filed Separately

A 73-393-720
Petitioner's Inmate Number

Ayfer Yalincak
Donald W. Wyatt
950 High Street
Central Falls, RI 02863

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Central Falls, on 7/17/08
(Location) Rhode Island   (Date)

X _A. Yalincak_
Petitioner's Original Signature

Linda Oleo - notary
exp 9/02/18   7/17/08

9

**ATTACHMENT A**

**TO PETITIONER'S EMERGENCY APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 CHALLENGING HER CONTINUED AND INDEFINITE DETENTION UNDER INA §236(c), 8 U.S.C. §1226(c)**

The Petitioner Ayfer Yalincak ("Petitioner" or "Mrs. Yalincak"), appearing pro se, respectfully states as follows:

1. The Petitioner was granted political asylum in this country in or about April, 1998 by Immigration ("IJ") Wlliam P. Joyce, Hartford, Connecticut, based on a credible finding of both past and future perseuction by the IJ.

2. On March 19, 2007, the Petitioner was sentenced in connection with her conviction for conspiracy to commit wire fraud (18 U.S.C. §371), by The Honorable Janet Bond Arterton and allowed to self-surrender on April 24, 2007. On November 9, 2007, the Petitioner completed her sentence and was immediately taken into the custody of the Respondents.

3. On January 16, 2008, IJ Michael W. Straus, Hartford, Connecticut, denied the Petitioner's applications for relief under INA 209(b) and (c), 8 U.S.C. §1159(c); INA 241(b)(3), 8 U.S.C. §1231(b)(3)(witholding of removal); and witholding of removal under Article 3 of the Convention Against Torture, 8 C.F.R. §1208.16-.18, and ordered the Petitioner removed to Turkey.

4. On February 14, 2008, the Petitioner timely appealed IJ Straus' decision to the Board of Immigration

-1-

Appeals ("BIA"), and the BIA on May 22, 2008, through a single Board member, Frederick Hess, affirmed the IJ Straus' order of removal.

5. On June 18, 2008, the Petitioner timely filed a Petition for Review with The Second Circuit Court of Appeals. Presently this Petition is pending. See Yalincak v. Mukasey, Docket No. 08-3014-AG.

6. On June 20, 2008, the Petitioner timely filed a Motion to Reconsider with the BIA. Presently, this motion is pending.

7. On or about July 11, 2008, the Petitioner timely filed a Motion to Stay her Removal with the Department of Homeland Security. This motion was subsequently denied.

8. On or about July 15, 2008, the Petitioner filed an Emergency Motion for Stay of Removal with The Second Circuit Court of Appeals. Counsel for Respondent, Michael B. Mukasey, as listed on the Second Circuit Court of Appeals Docket Sheet, Lisa M. Arnold, Esq., and Daniel Lonergan, Esq., subsequently consented to the stay. Most recently, on or about July 25, 2008, when the Petitioner, without notice to the Petitioner's immigration attorney of Edwin T. Gania, Esq., Mark Jacob Thomas & Associates, or the Petitioner's family, was taken to the airport to be removed, Counsel for Respondent, Michael B. Mukasey, informed the local ICE Agents who were attempting to remove the Petitioner, that a stay is in place and that they are not to remove the Petitioner.

9.      Because the BIA's Order affirming the IJ's Decision has been stayed, the Petitioner's removal order is not final, and the Petitioner is now about to enter the tenth (10) month of her detention under 8 U.S.C. §1226(c). See 8 U.S.C. §1231(a)(1)(B)(i) and (ii)(Because Petitioner's removal order has been stayed, the Petitioner's "removal period" has not begun. See Fuller v. Gonzales, No. Civ.A. 3:04-CV-2039 (SRU), Not Reported in F.Supp.2d, 2005 WL 818614 (D.Conn.2005)(Underhill, J.)(noting that because Petitioner's removal has been stayed that Petitioner's continued detention was under INA §236(c) and not under §241(a)).

10.     Narrowly framed, this habes corpus proceeding under 28 U.S.C. §2241 concerns the constitutionality of the prolonged detention of Petitioner under INA Section 236(c), 8 U.S.C. §1226(c), while she awaits a decision from The United States Court of Appeals for the Second Circuit, Docket No. 08-3014, on her Petition for Review of a final order of removal.

11.     The Respondents violated the Petitioner's constitutional right to a meaningful individualized determination of her status pending adjudication of the validity of the removal order. Petitioner alleges that her incarceration by Respondents while she contests her removal order is unreasonable and (1) violates her substantial and procedural right to due process; and (2) violates her right under the Equal Protection Clause where similarly situated

-3-

aliens, have been treated differently.

12. The Petitioner underscores that she is exclusively challenging her continued detention by the Respondents, not the merits of her removal order, in the instant habeas.

13. The Petitioner does not assert an absolute right to bail, but only that she be allowed an individualized bail hearing to determine whether there are conditions or a combination of conditions upon which she may be released.

14. The Petitioner's health has steadily deteriorated as a result of her continued detention, with no resolution on the near horizon, since there is a stay in place, and if her Petition for Review is granted, her case will most likely be remanded to either the BIA or another IJ for additional fact-finding, and therfore, there is a substantial period of time ahead of the Petitioner before her immigration issues are resolved.

15. In light of the foregoing, the Petitioner respectfully requests this Court grant her application for a Writ of Habeas Corpus and either order the Respondents to afford her a bond hearing, or, in the alternative, exercise its habeas jurisdiction and provide the Petitioner a bond hearing. See Madrane v. Hogan, 520 F.Supp.2d 654, 667-668 (M.D.Penn.2007)(Yvette, Kane, Chief Judge)(Court has habeas jurisdiction to provide alien a bond hearing in lieu of referring matter to an immigration judge).

16. The Petitioner has retained counsel of Edwin T. Gania, Esq., Mark Jacob Thomas & Associates, who will file an appearance on behalf of the Petitioner as a visiting attorney. His effort to file an appearance, however, was recently delayed by the death of the local counsel's law firm partner. Attorney Gania has informed the Petitioner that he is in the process of securing local counsel.

17. Petitioner's Attorney, Edwin T. Gania, will file a supporting memorandum of law upon filing his appearance.