UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ayfer Yalincak,<br>*Petitioner*,<br><br>*v.*<br><br>Bureau of Immigration Customs and Enforcement, et al.,<br>*Respondents.* | Civil No. 3:08cv1193 (JBA) |

**ORDER TRANSFERRING CASE TO THE DISTRICT OF RHODE ISLAND**

Petitioner Ayfer Yalincak seeks relief pursuant to 28 U.S.C. § 2241. In her amended petition filed August 11, 2008, Yalincak alleges that her detention at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, is unlawful. Respondents argue that Yalincak's petition is procedurally defective because it should have been filed in the district in which she is confined.

As the Supreme Court explained in *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), "the plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Consequently, "[w]henever a § 2241 habeas petitioner seeks to challenge [her] present physical custody within the United States, [s]he should name [her] warden as respondent and file the petition in the district of confinement." *Id.* at 447. Yalincak's petition does name Warden Salisbury of the Wyatt facility as a respondent. But because she is currently confined in Rhode Island, she must proceed with her case in the District of Rhode Island, not here in Connecticut.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the Court orders this case transferred to the District of Rhode Island for all further proceedings.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of August, 2008.