UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AYFER YALINCAK : | |
| : | |
| v. : | C.A. No. 08-328ML |
| : | |
| BUREAU OF IMMIGRATION : | |
| AND CUSTOMS ENFORCE- : | |
| MENT, et al. : | |

**MEMORANDUM AND ORDER**

On August 6, 2008, Ms. Yalincak ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the District of Connecticut. (Document No. 1). Petitioner filed an Amended Petition on August 11, 2008 which sought to remedy her "unlawful detention." (Document No. 3).

On August 13, 2008, District Judge Janet Bond Arterton issued an Order pursuant to 28 U.S.C. § 1406(a) transferring this case to the District of Rhode Island because Petitioner is "currently confined" in Rhode Island. (Document No. 7). Subsequently, Chief Judge Mary Lisi referred the case to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). A status conference was held before me on September 18, 2008 at which both sides summarized their legal positions and were directed to file supplemental memoranda to complete the briefing. Petitioner was represented by counsel at the status conference and is no longer proceeding pro se. Neither side has requested an evidentiary hearing.

**Background**

Petitioner is a fifty-four year old native and citizen of Turkey. (Document No. 3, ¶ 3). She entered the United States in 1992 along with her husband and two minor children pursuant to a six-month non-immigrant visa. Id., ¶ 18. In 1995, Petitioner was convicted in the State of Indiana of practicing medicine without a license. Id., ¶ 19. Petitioner served approximately two years in prison. Id.

In 1996, deportation proceedings were commenced against Petitioner charging that she overstayed her non-immigrant visa and that she was convicted of a crime constituting an offense of moral turpitude and an aggravated felony. Id., ¶ 20. Petitioner was not deported, and, ultimately in 1998, she was granted asylum. Id., ¶ 24.

In 2005, Petitioner and her son were indicted on three counts of wire fraud and one count of conspiracy. See United States v. Ayfer Yalincak, 3:05-CR-00153-JBA (D. Conn.). Petitioner plead guilty on July 13, 2006 to the conspiracy count and the wire fraud counts were later dismissed upon Motion of the Government. Petitioner was sentenced on March 21, 2007 to a twenty-four month prison term and restitution (jointly and severally with her son) in the amount of $2,250,000.00. Petitioner completed her prison sentence on November 9, 2007 and was immediately taken into immigration custody. (Document No. 3, ¶ 30).

Petitioner's 2007 conspiracy conviction resulted in a new round of deportation proceedings. A removal hearing was held, and on January 16, 2008, an Immigration Judge ("IJ") ordered Petitioner deported to Turkey. Id., ¶ 35. Petitioner appealed, and on May 22, 2008, the Board of Immigration Appeals ("BIA") affirmed the deportation order. Id., ¶ 38. Petitioner appealed the Board's ruling to the Second Circuit Court of Appeals where it is currently awaiting decision. Id., ¶ 39; see Yalincak v. Mukasey, Nos. 08-3014 and 08-4231 (2nd Cir.)

**Conditions of Confinement**

Petitioner is currently held in immigration custody at the Wyatt Detention Facility. In her pleadings, Petitioner asserts she is in "ill health" and receiving an "inadequate level of medical care." (Document No. 3, ¶¶ 44 and 46). Petitioner challenges the legality of her detention and seeks an order of release or, alternatively, a bail hearing. However, both at the status conference and in his Consolidated Reply Memorandum, Petitioner's counsel made clear that "[t]he medical issues set forth

in this habeas petition relate to the reasonableness of the length of Petitioner's detention rather than as a direct challenge to her conditions of confinement." (Document No. 21 at p. 6).  Thus, the Court will limit its review to whether Petitioner's current detention is lawful.  See 28 U.S.C. § 2241(b)(3).  See also Kane v. Winn, 319 F. Supp. 2d 162, 215 (D. Mass. 2004) ("For most conditions of confinement claims...and particularly for those involving inadequate medical treatment, courts usually hold that habeas relief is not available.").

**Discussion**

Although the parties dispute the legal authority for, and the lawfulness of, Petitioner's detention, there are several undisputed facts.  First, Petitioner has been in immigration custody since November 9, 2007.  Second, Petitioner's deportation order became final as an administrative matter on May 22, 2008 when the BIA dismissed her appeal.  Third, her Petition for Review of her deportation order is pending in the Second Circuit, and no one can say with any certainty when that appeal may be decided.  Fourth, Petitioner filed a Motion in the Second Circuit on July 15, 2008 to stay her deportation pending appeal.  The Government did not oppose the Motion.  Although the Second Circuit has not issued a formal stay order, it has a "forbearance policy – whereby an alien who has a petition pending and has filed a motion for stay will not be removed until a final decision is rendered."  (Document No. 17 at p. 6).  Thus, Petitioner's deportation is effectively stayed pending appeal.  Finally, on or about August 20, 2008, Petitioner's custody status was reviewed by ICE and a decision was made to continue Petitioner's detention pending deportation. (Document No. 17, Ex. N).  The decision did not expressly conclude that Petitioner presented a risk of flight or a danger to the community but rather reasoned that continued detention was warranted because the "only obstacle" to timely deportation is her Petition for Review pending in the Second Circuit.  Id.

The parties dispute Petitioner's current legal status and its impact on the Government's detention authority. Petitioner contends that the Second Circuit's stay of her removal has tolled the commencement of her "removal period" under 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, Petitioner argues that she is presently detained under 8 U.S.C. § 1226 and her continued, indefinite detention is presently subject to due process review. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (a period of six months in post removal order detention is presumptively reasonable). The Government counters that Petitioner's removal has been stayed by a Court policy and not by a Court Order and thus, pursuant to 8 U.S.C. § 1231(a)(1)(B)(i), her ninety-day removal period commenced when her removal order became administratively final, i.e., on May 22, 2008. The Government reasons that Petitioner's detention was mandatory during the removal period (until August 22, 2008) and she received the requisite ninety-day detention review in August. Accordingly, the Government contends that Petitioner's continued detention is lawful and, at a minimum, within the six-month Zadvydas "presumptively reasonable" period. Alternatively, the Government argues that Petitioner's removal period has been "suspended" by the Second Circuit stay and that "Zadvydas does not mandate release of an alien whose own actions are a factor in the length of detention." (Document No. 22 at pp. 8-11).

In its Supplemental Opposition, the Government represents that Petitioner is due for a second Post Order Custody Review pursuant to 8 C.F.R. § 241.4(k)(2)(ii) in "November 2008, if not sooner, where the criteria for release within 8 C.F.R. § 241.4(e)(1)-(6) will be considered,...as well as the significant likelihood of removal in the reasonably foreseeable future" and Petitioner's potential for flight risk. (Document No. 22 at p. 13; Symenow Aff., ¶ 6). As noted above, the August 25, 2008 decision to continue Petitioner's detention did not expressly find Petitioner to be a flight risk or a danger to the community. The decision is conclusory and appears to base detention solely on the delay occasioned by Petitioner's exercise of her right to appeal removal to the Second Circuit.

Apparently, in anticipation of a claim of flight risk, the Government submits the Affidavit of FBI Special Agent Russell Day who outlines Petitioner's alleged flight from Indiana in the early 1990s to avoid prosecution for practicing medicine without a license and her alleged use of aliases. (See Document No. 22-5). While Agent Day's Affidavit is relevant under 8 C.F.R. § 241.4(e), it contains dated information and Petitioner's current health, family ties and compliance with prior release conditions are also relevant. See 8 C.F.R. § 241.4(f). In reviewing the factors for release, it appears significant that Magistrate Judge Margolis of the District of Connecticut released Petitioner on bond with conditions in August 2006, after she plead guilty to criminal conspiracy and was awaiting sentencing. The docket in Petitioner's criminal case does not reflect any bail violation proceedings, and she was permitted by Judge Arterton to self surrender for her prison term after a March 19, 2007 sentencing hearing. It also appears that Petitioner was released on immigration bond in 1997 during her first removal proceeding, and her compliance record during that period of release would also seem relevant.

Petitioner's counsel recently sought, and was granted, leave to file a reply memorandum by October 29, 2008 which delays the ripeness of this Petition for decision. (Document No. 29). As a practical matter and given the time periods for appeal of a Magistrate Judge's Report and Recommendation, it is likely that Petitioner's second Post Order Custody Review will be completed before this Court would take final action on this habeas petition. Thus, the Court will reserve recommendation on this Petition pending Petitioner's second Post Order Custody Review which the Government represents will take place in the near future. On or before October 31, 2008, the Government shall notify the Court of the date of Petitioner's second Post Order Custody Review and the anticipated date of decision. The Government shall also submit a copy of such decision to the Court forthwith after it is rendered. If Petitioner is granted release, the Court will recommend that this habeas

petition be dismissed as moot.  If Petitioner is denied release, the Court will consider the substance of such denial decision in its review and promptly issue a report and recommendation on the merits.

SO ORDERED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 17, 2008